**ORIGINAL**



FILED
APR 19 2010
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| COMMISSIONING SOLUTIONS GLOBAL, LLC | * * * |
| VERSUS | * NO. 10-249 C * |
| THE UNITED STATES | * * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, Commissioning Solutions Global, LLC (hereinafter "CommSol"), and files the instant Complaint against the United States of America, and respectfully avers as follows:

I.

CommSol is a limited liability corporation organized under the laws of the State of Louisiana, with its principal place of business located in Mandeville, Louisiana.

II.

Made defendant herein is the United States of America, acting through the Coast Guard (hereinafter "the Coast Guard").

III.

Jurisdiction is appropriate in the United States Court of Federal Claims pursuant to the Tucker Act, 28 U.S.C. § 1491(b).

1

## NATURE OF THE COMPLAINT

IV.

CommSol has submitted numerous bids in response to solicitations issued by the Coast Guard to perform repairs to Coast Guard vessels.[1]

V.

The Coast Guard inexplicably awarded these solicitations to competing bidders of CommSol. In each case CommSol complied with all solicitation procedures, submitted the lowest-priced bid, and supplied references within the Coast Guard concerning its past performance.

VI.

The Coast Guard's decisions to award these solicitations to competitors of CommSol is arbitrary, capricious, an abuse of discretion, and otherwise without reasonable basis.

VII.

The Coast Guard's decision-making violates the Competition in Contracting Act, 41 U.S.C. § 253(a), mandating full and open competition through the use of competitive procedures, and violates the Administrative Procedure Act, 5 U.S.C. § 701-706, prohibiting arbitrary and unreasonable evaluations of bid proposals.

## FIRST CAUSE OF ACTION

VIII.

CommSol repeats and re-alleges all of the allegations contained in the preceding paragraphs as if copied herein *verbatim* and *in extenso*.

---

[1] The specific solicitations are as follows: (1) Solicitation No. HSCG80-09-Q-3FAJ23 ("the Sapelo"); Solicitation No. HSCG80-09-Q-313J68 ("the Staten Island"); Solicitation No. HSCG80-10-Q-3FA015 ("the Knight Island"); Solicitation No. HSCG80-10-Q-3FA020 ("the Pakota"); Solicitation No. HSCG80-10-Q-3FA021 ("the Hatchet"); Solicitation No. HSCG80-10-Q-P45700 ("the Pamlico"); and Solicitation No. HSCG80-08-Q-3FAF01 ("the Willow").

IX.

The award of the Sapelo solicitation to Riverhawk Marine, LLC (hereinafter "Riverhawk") instead of CommSol was arbitrary and capricious.

X.

CommSol submitted the most competitive bid to complete the work requested in the Sapelo solicitation. The solicitation was nevertheless awarded to Riverhawk at a substantially higher price. The Coast Guard's decision to award the contract to Riverhawk was based on the erroneous determination that Riverhawk's past performance rating was higher than that of CommSol.

XI.

The Coast Guard erroneously assigned CommSol a past performance rating of "neutral" after it failed to obtain records regarding CommSol's past performance from within its own agency. Riverhawk erroneously received a past performance rating of "excellent."

XII.

As per the terms of the solicitation, Riverhawk was required to submit two past performance references for other jobs it completed for the Coast Guard. At the time it submitted its bid for the Sapelo project, however, Riverhawk had only completed one project for the Coast Guard.

XIII.

Riverhawk should therefore have been assigned a past performance rating of, at best, "neutral."

XIV.

CommSol submitted a Bid Protest at the Government Accountability Office (hereinafter "GAO") regarding the Sapelo solicitation which was erroneously denied. The GAO failed to address why the Coast Guard failed to obtain past performance information about CommSol from within its own agency, or why Riverhawk was assigned an "excellent" past performance rating when it failed to meet the solicitation requirements.

## SECOND CAUSE OF ACTION

XV.

CommSol repeats and re-alleges all of the allegations contained in the preceding paragraphs as if copied herein *verbatim* and *in extenso.*

XVI.

The award of the work requested in the Staten Island solicitation to Centrifugal Rebabbitting (hereinafter "Centrifugal") instead of CommSol was arbitrary and capricious.

XVII.

CommSol submitted the most competitive bid to complete the Staten Island work. The bid was nevertheless awarded to Centrifugal at a substantially higher price.

XVIII.

The Coast Guard erroneously assigned CommSol a past performance rating of "neutral" after it failed to obtain records regarding CommSol's past performance from within its own agency.

XIX.

CommSol submitted a Bid Protest at the GAO regarding the Staten Island solicitation which was erroneously denied as untimely. The notice relied upon by the GAO to compute

CommSol's prescriptive period for submitting its Bid Protest did not state the price for which the Staten Island project had been awarded. As such, the notice could not have put CommSol on notice of its grounds to contest the award of the Staten Island project. CommSol's Bid Protest to the GAO was timely.

### THIRD CAUSE OF ACTION

XX.

CommSol repeats and re-alleges all of the allegations contained in the preceding paragraphs as if copied herein *verbatim* and *in extenso*.

XXI.

The award of the Willow, Knight Island, Pakota, and Hatchet solicitations to competing bidders instead of CommSol was arbitrary and capricious.

XXII.

CommSol submitted the most competitive bids to complete the work requested in the above-listed solicitations. The bids were nevertheless awarded to competing bidders at a substantially higher price.

XXIII.

The Coast Guard erroneously assigned CommSol a past performance rating of "neutral" after it failed to obtain records regarding CommSol's past performance from within its own agency.

XXIV.

CommSol appeals these decisions for the first time before the United States Court of Federal Claims.

## FOURTH CAUSE OF ACTION

### XXV.

CommSol repeats and re-alleges all of the allegations contained in the preceding paragraphs as if copied herein *verbatim* and *in extenso*.

### XXVI.

CommSol submitted the most competitive bid to complete the Pamlico work.

### XXVII.

The Coast Guard declared the project "dead" rather than award the contract to CommSol.

## PRAYER FOR RELIEF

WHEREFORE, CommSol prays as follows:

a)  That it be allowed to conduct discovery regarding all allegations pled herein;

b)  For an award of damages in an amount to be proven at trial for CommSol's bid preparation costs;

c)  For recovery of CommSol's reasonable costs and attorneys' fees incurred in prosecuting this action and its previous Bid Protests; and

d)  For such other and further relief as this Honorable Court may deem to be just and equitable under the premises.

Respectfully submitted,

**REICH, ALBUM & PLUNKETT, LLC**

_____
**ROBERT S. REICH, Attorney of Record**
Two Lakeway, Suite 1000
3850 N. Causeway Blvd.
Metairie, Louisiana 70002
Tel: (504) 830-3999
Fax: (504) 830-3950
E-mail: rreich@rapllclaw.com
*Attorneys for Commissioning Solutions Global, LLC*