# In the United States Court of Federal Claims

No. 10-249C
(Filed: May 19, 2010)

```
*************************************
                                    *
COMMISSIONING SOLUTIONS             *
GLOBAL, LLC,                        *
                                    *
                Plaintiff,          *
                                    *
        v.                          *
                                    *
THE UNITED STATES,                  *
                                    *
                Defendant.          *
                                    *
*************************************
```

## SPECIAL PROCEDURES ORDER
### (Revised May 10, 2010)

Pursuant to Rules 1, 16, and 83(b) and Appendix A ¶ 1-2 of the Rules of the United States Court of Federal Claims (RCFC) and in the interest of promoting inexpensive, efficient, and just litigation, it is ORDERED that each party shall comply with the following procedures:

1.    Initial Matters.

a.    Pretrial Rules.  Counsel shall familiarize themselves with the rules governing pretrial proceedings, particularly RCFC 5-7, 11, 16, 26, 77.2, and 83, and Appendix A ¶ 3 in order to ensure full and timely compliance with applicable deadlines, filing procedures, and other requirements.  Note that the RCFC,[1] though generally similar, are not identical to the Federal Rules of Civil Procedure.

b.    Communications with the Court.   Unless invited or otherwise ordered by the court, communications with these chambers shall be by formal motion, whether filed in writing in the Clerk's office or moved in open court.   In particular, letters will not be accepted in lieu of motions without prior authorization.  Notwithstanding this provision, counsel may, at any time, jointly request a conference with the judge to discuss a dispute or other pending matter.  Scheduling questions should be directed to Judge Damich's judicial assistant, at (202) 357-6483.  Questions

---

[1]    The Rules can be found in the Appendix to Title 28 of United States Code and on the court's web site.

regarding CFC filing requirements and other standard court procedures should be directed to the Clerk's Office at (202) 357-6400.

      c.    <u>Legibility</u>.  All papers filed with the court shall be legible.  This requirement is especially important when photocopies of documents with small type are submitted.

      d.    <u>Courtesy Copies, Time-Sensitive Electronic Filings</u>.

          i.    Pursuant to RCFC Appendix E, paragraph 10, a courtesy copy in paper form shall be submitted to chambers whenever a document has been filed electronically that, when printed, would exceed 50 pages, including exhibits or attachments.  Submission of a courtesy copy to chambers does *not* constitute official filing with the Clerk's Office under the Rules of the Court.

          ii.    When a brief is filed electronically and cannot easily be text-searched (such as an Adobe PDF created with a scanner), a courtesy copy in Word or PDF format that can be text-searched shall be e-mailed to chambers at the below address.

          iii.     Counsel shall *call* chambers promptly to advise of electronic filings on time-sensitive matters (e.g., motions for enlargement at or near the date a filing is otherwise due).

          iv.    When communication with chambers is otherwise necessary,

              1.    Facsimile transmissions should be sent to:
                     Judge Edward J. Damich
                    United States Court of Federal Claims
                    Fax No.: (202) 357-6490

              2.    E-mail transmissions should be sent, with attachments (if any) in Adobe Acrobat (PDF) (preferred) or WordPerfect (WPD), to:
[Damich_Chambers@ao.uscourts.gov](mailto:Damich_Chambers@ao.uscourts.gov)

      e.    <u>Court Closing</u>.  The Court sometimes closes because of inclement weather in Washington, D.C.  Counsel may contact the Clerk's Office at (202) 357-6407 or view the web site of the court at [www.uscfc.uscourts.gov](http://www.uscfc.uscourts.gov) to inquire about such closings.

<u>Professional Conduct</u>.  At all times during this proceeding, counsel's conduct should be characterized by personal courtesy and professional integrity in the fullest sense of those terms.  In fulfilling their duty to represent their clients vigorously as lawyers, counsel should be mindful of their obligations to the administration of justice.  Conduct that may be characterized as uncivil, abrasive, abusive, hostile, or obstructive impedes the fundamental goal of resolving disputes rationally, peacefully, and efficiently.  Such

conduct will not be tolerated and may result in sanctions being imposed.   See, e.g., RCFC 37.

3.    Motions - generally.

    a.    Page Limits.   Briefs and memoranda in support of motions are limited in length as set out in RCFC 5.2(b).   Leave of court is necessary to exceed these page limits.

Courtesy copies.   When a courtesy copy is submitted pursuant to General Order 42A, the document *may* be reproduced using both sides of the paper.   If submitted in this way, however, the pages must be bound so that photocopying both sides of the page is possible.

    c.    Sample orders.   For proposed orders of two pages or longer, such as protective orders, the parties should submit a draft order as an appendix to the motion.   A courtesy copy of the draft order shall be emailed directly to chambers as an attached document.

    d.    Administrative Record.   In a case in which the court reviews the administrative record, such as a Wunderlich Act case, any party that seeks to refer to materials outside the administrative record must file a motion to supplement the administrative record.   The moving party should indicate whether the motion is opposed.

    e.    Reconsideration of Orders or Rulings.   The 30-day time limits specified in RCFC 59 shall also apply to motions for reconsideration of orders or other court rulings.

4.    Motions for Enlargements of Time and Stays of Proceedings.   The court intends to follow precisely any schedule established in the case and to apply strictly the rules regarding requests for enlargements of time and stays of proceedings.

    a.    Motions for Enlargements.
        i.    Timing. Motions for enlargement must be filed as early as possible, see RCFC 6(b), generally at least five (5) business days in advance.

        ii.    Requirements.
            1.    Each request for an enlargement must specify the grounds and shall indicate whether the motion is opposed.

            2.    The burden of establishing grounds for an enlargement is on the movant and motions are not granted automatically.

            3.    In the case of requests filed out of time, the allegation of excusable neglect must be substantiated.   See RCFC 6(b).

4.    After the second extension of time, counsel may be required to obtain the signature of the party (in the government's case, a representative of the agency) on motions for any further extensions of time.

b.    <u>Motions to Stay Proceedings</u>.

i.    <u>Length of Time</u>.   Stays of proceedings for purposes of facilitating settlement negotiations shall not generally be granted beyond 90 days.

ii.    <u>Motions for Continuation of Stay</u>.   If a party moves for continuation of a stay beyond 90 days, that party shall denote, with specificity (<u>e.g.</u>, dates, places, participants) the steps taken in pursuit of settlement during the time of the previous stay.   Such motions shall also address the steps the parties expect to take in continued pursuit of settlement.   The parties bear the burden of persuading the court that the case should not proceed thereafter concurrently with settlement negotiations.

5.    <u>Hearings and Status Conferences</u>.

a.    <u>In General</u>.   At each hearing or conference, including the preliminary status conference held shortly after filing the joint preliminary status report (JPSR) required by Appendix A and one held after filing the post-discovery joint status report (JSR), the court explores the strengths and weaknesses of each party's arguments and may discuss the possibility of utilizing dispositive motions, alternative dispute resolution (ADR), discovery limitations, bifurcated proceedings, or other means for reducing the cost and delay of discovery and trial. <u>See</u> RCFC 16(c).

b.    <u>Time</u>.   The time for all hearings and status conferences is the time in Washington, D.C., unless otherwise expressly stated.

c.    <u>Participants</u>.   A representative of the party (in the case of the government, agency counsel or staff) must participate if counsel is not prepared to discuss in depth the factual and legal history of the claim(s), and technical matters requiring specialized expertise.   A representative with the power to bind the Plaintiff shall be present at all settlement conferences.   A representative of the agency with the power to recommend actions for the Defendant shall be present at all settlement conferences.

d.    **<u>Scope of Conference</u>.   At each hearing or conference, counsel are expected to be substantially prepared, <u>e.g.</u>,**

i.    **ready to agree to a schedule for future proceedings;**

ii.    **fully familiar with the facts, procedural history, and legal arguments, including the merits of any pending motion; and**

4

       iii.     **ready to discuss settlement prospects, ways to avoid unnecessary discovery, and appropriate alternative dispute resolution (ADR) techniques.**

e.     <u>Attendance</u>.  Counsel are expected to appear at status conferences by telephone unless instructed otherwise. Whenever counsel is expected to appear by telephone, counsel shall e-mail chambers, at <u>damich_chambers@ao.uscourts.gov</u> , no later than one business day before the conference, to provide the phone number where he or she can be reached and to inform the court whether any others will be participating for that party (and, if so, their names, phone numbers, and affiliations).  Status conferences and hearings shall be held on the record, unless the court directs otherwise.   The record shall generally be made via audio-recording, unless either party requests that a reporter be present.  Such a request must be made at least five business days in advance of the conference.

f.     <u>Scheduling</u>.  Hearings and conferences will be scheduled by Judge Damich's law clerk, who will contact counsel to make appropriate arrangements.   A court order will be issued as to each such hearing or conference.

6.     <u>Supplemental Information in the JPSR</u>.  The purpose of the parties' JPSR, required by Appendix A ¶ 4 to be filed no later than 49 days after filing the answer or reply to a counterclaim, is to inform the court of relevant matters so that a plan and schedule for the litigation can be established at the preliminary status conference.  Therefore, the JPSR shall provide the following information, which is in addition to or different from that required by the referenced paragraphs and subparagraphs of Appendix A:[2]

a.     <u>Paragraph 4(a)</u>.  Provide the jurisdictional statute(s) upon which plaintiff relies, and plaintiff's detailed justification for invoking the court's jurisdiction.

b.     <u>Paragraph 4(d)</u>.  State whether there is any basis for transferring or remanding the case to another tribunal, and whether the parties are aware of any related cases in this or any other tribunal.   <u>See</u> RCFC 40.2.

---

[2]   The JPSR must also be supplemented as the parties become aware of additional information.

c.   Paragraph 4(h).   Describe the material issues of fact and law that are in dispute, as well as those that are not.   This statement should not be elaborate or technical, but should be sufficient, at a minimum, to explain the basis for each counsel's certification under RCFC 11 with respect to the factual allegations and legal theories upon which any claim or defense is based, and to give the court adequate opportunity to prepare for, and participate meaningfully in, the preliminary status conference (e.g., assisting the parties in focusing and narrowing issues and disputes).   Mere incorporation by reference or reiteration of the answer or the complaint normally will not satisfy this requirement.

d.   Paragraph 4(i).   The parties shall state whether any method of ADR, including those described below,[3] is viable.   If none, they shall explain why, with particularity.

i.   U.S. Court of Federal Claims ADR Program.   RCFC App. H ¶ 3(a) states that ADR is a voluntary procedure.   When both parties agree to one of these methods, they may request the assigned judge to refer their dispute to ADR.

1.   Settlement Judge.   In this flexible process, which can be used at any time during the proceedings, the Clerk of the Court assigns the case to a CFC judge who will act as a neutral advisor.   After a detailed discussion of each party's strengths and weaknesses of each party's case, the settlement judge will provide a judicial assessment of the dispute and the parties' settlement positions.   If a resolution is not reached, the case is returned to the presiding trial judge for further action.

2.   Mini-trial.   In this procedure, which ordinarily takes place before discovery, the parties present an abbreviated version of their case to a judge other than the presiding judge.   Useful in cases involving factual disputes, rather than legal ones, this process should not run longer than   3 months, with limited voluntary discovery.   The hearing, which should last no more than a day, is informal and the parties are not bound by the rules of evidence or procedure.   At its conclusion, the parties meet to discuss settlement.   The mini-trial

---

[3]   This list is by no means exhaustive; the parties are encouraged to suggest other alternative dispute resolution or trial simplification measures.   The court recognizes that the government will not agree to certain binding methods of dispute resolution.   However, it also notes the government's expressed support of ADR measures.   See Executive Order 12,988 (Feb. 5, 1996); Department of Justice Policy on the Use of Alternative Dispute Resolution, 61 Fed. Reg. 36,895 (July 15, 1996).

judge may play an active role or advise the parties on the merits, at the parties' option.

3.   <u>Third-Party Neutrals</u>.   A third-party neutral, selected by the parties, will meet with the parties and attempt to facilitate dispute resolution.

ii.   <u>Other Means of ADR</u>.

1.   <u>Bifurcated Trial</u>.   A bifurcated case is tried in two parts.   For example, a first trial may be held on the issue(s) of liability.   A second trial, on damages, may be unnecessary if no liability is found.   <u>See</u> RCFC 42(c).

2.   <u>Limited Discovery</u>.   The parties may agree to limit discovery to certain issues or to conduct discovery in a particular chronological order, while suspending other discovery, <u>e.g.</u>, when dispositive motions covering fewer than all the issues in the case are anticipated.

3.   <u>Court-Appointed Experts/Neutral Fact-Finders</u>.   This method is useful, <u>e.g.</u>, in patent, "takings," or government contract cases when complex and technical factual disputes are presented.   A neutral third-party fact-finder, chosen by the court and/or agreed to by the parties based on his or her substantive or technical expertise, examines the disputed facts and submits detailed findings to the court.

4.   <u>Arbitration</u>.   This is an informal adversarial process, similar to the mini-trial, in which the case is heard and decided by one or more private attorneys or retired judges.

5.   <u>Mediation</u>.   A flexible, non-adversarial process that may include "shuttle diplomacy," mediation employs a neutral third party agreed upon by the parties to help the disputants fashion a mutually agreeable compromise.

6.   <u>Paper Trial</u>.   Trial time and expense are saved by allowing the parties to submit written evidence, <u>e.g.</u>, affidavits and transcripts of depositions in which witnesses are cross-examined on their affidavits on disputed issues of fact.

e.   <u>Paragraph 4(j) and Paragraph 5.   Joint Proposed Scheduling Plan</u>.   In lieu of the requirements of ¶ ¶ 4(j) and Paragraph 5 of Appendix A, the parties shall set forth a proposed scheduling plan with exact dates where a date is required.   The parties' joint proposed scheduling plan shall include:

i.      The requested place of trial (and of hearings in general); the anticipated duration of trial;[4] and the earliest date by which the case can reasonably be expected to be ready for trial;

ii.     Dates for joinder of additional parties;

iii.    Whether either of the parties anticipates filing any dispositive motions.   If so, the following details should be provided:

    1.     A date by which such motion will be filed.

    2.     The legal theory in support of such motion.

    3.     If the motion is for summary judgment, whether either party desires that expert discovery precede the motion; if so, the grounds therefor;

iv.    Whether the case should be conducted in phases.   For example, it may be appropriate to delay the damages phase until after liability has been established;

v.     A date by which fact discovery will be completed.   Any motion to compel, after the appropriate good faith effort to resolve the dispute, should be filed on or before this date. Accordingly, counsel must plan to serve discovery requests sufficiently before this date to permit the other side to object.   In addition, advise whether the case will likely involve the discovery of classified material;

vi.    Pursuant to RCFC 26(a)(2), the dates by which each party shall disclose its expert witnesses' identities and reports (including rebuttal reports), and the dates by which each party shall make its expert witnesses available for deposition, giving consideration to whether serial or simultaneous disclosure is appropriate in the case;

vii.    The date by which expert discovery will be completed;

viii.   Whether the presumptive limits of ten depositions and 25 interrogatories per party should apply in this case and, if not, the reasons for varying these limits;

---

[4]   Counsel should represent whether the time provided is for the entire case or for each side's case.  Further, for planning purposes only, counsel should know that  Judge Damich usually conducts trials from approximately 10:00 a.m. to approximately 4:00 p.m. with appropriate breaks during the day.   The daily trial schedule is, however, subject to change.

ix.    Whether any physical or mental examinations of parties will be requested pursuant to RCFC 35, and, if so, by what date that request will be made and the date the examination will be completed; and

x.    Any other matters pertinent to the completion of discovery in this case or that counsel deem appropriate for inclusion in the joint scheduling plan.

f.    <u>Paragraph 4(l)</u>.   Provide a joint representation, citing the date of the meeting, that counsel have held the early meeting of counsel as required in Appendix A ¶ 3.   In addition, jointly stipulate to the date of the initial disclosures set forth in RCFC 26(a)(1) or state the grounds for any party's objection that such disclosures are not yet appropriate.

g.    <u>Paragraph 7</u>.   Propose three alternate dates (and time of day) that are mutually agreeable to counsel for the preliminary status conference.   These dates should be at least 14 days, but not more than 21 days, after the filing of the JPSR.   After receiving the JPSR, Judge Damich's law clerk will contact the parties to schedule the preliminary status conference, after which a corresponding order will issue.

h.    <u>Separate Allegations Permitted</u>.   Separate views and proposals on any of the points covered by the JPSR may be set forth on any point on which the parties cannot agree.   Reasonable compromise, however, is strongly encouraged.

7.    <u>Appendix to Joint Preliminary Status Report</u>.

a.    The parties shall provide, as an appendix to the JPSR, copies of material portions of any documents not previously filed that are relevant to jurisdiction or to disputed facts alleged with particularity in the pleadings, <u>e.g.</u>:

i.    relevant contractual documents, correspondence between the parties, and damage computations; and

ii.    records of prior judicial or agency proceedings relative to the claims in this case (<u>e.g.</u>, in tax cases, copies of the return, refund claim, and any decision thereon; in contract cases, the claim and contracting officer's final decision).[5]

b.    The parties shall include as exhibits relevant portions of statutes, regulations, and subregulatory guidance that may be at issue, in effect at the relevant time, if these are not frequently cited in litigation before the United States Court of Federal

_____

[5]   The relevance of an exhibit should be clear from the statement of issues required by Paragraph 6.c. of this order.   That statement should provide page references to the relevant exhibits.

Claims,[6] or are unpublished, outdated, or otherwise not readily available.  For example, this may occur when prior tax years or unpublished agency policy directives are involved.

8.  <u>Discovery in General</u>.

   a.  <u>Dispositive motions and discovery</u>.  The filing of a dispositive motion shall not suspend the conduct of discovery, unless the court so orders.

   b.  <u>Methods of Discovery</u>.  The use of requests for admission, stipulations, and witness interviews (by telephone, if appropriate) in lieu of formal depositions is encouraged, as is the use of videotaped evidence and telephone conferencing.

   c.  <u>Discovery Disputes</u>.

      i.  Before petitioning the court to resolve a discovery dispute or to impose sanctions for discovery abuses, counsel must attempt to resolve the problem with opposing counsel.   Failure to consult with opposing counsel before filing a motion may result in the imposition of costs.

      ii.  Discovery motions shall be accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the disputed matter.

   d.  <u>Abuse of the Discovery Process</u>.  Counsel are warned not to abuse the discovery process.  If, after this cautionary order by the court, either counsel makes excessive demands or provides insufficient responses, appropriate sanctions (including, but not limited to, more stringent controls over discovery, restrictions on the use of evidence, and imposition of attorneys' fees and costs) may be ordered.  <u>See</u> RCFC 37(b).

   e.  <u>Close of Discovery</u>.  Within 15 days after the close of discovery, the parties shall file a JSR containing, <u>inter alia</u>, a proposed schedule for further proceedings.  A post discovery conference, as mandated by Appendix A ¶ 11, will be scheduled shortly thereafter.

9.  <u>Trial Materials</u>.  When the case approaches trial, the court will issue a separate order relating to trial preparation and the requirements of Appendix A.

10.  <u>Trial Methods</u>.  The court is committed to cost-effective methods of resolving and trying cases.   The parties should consider whether the following methods are appropriate:

---

[6]  <u>See</u>, <u>e.g.</u>, <u>United States Court of Federal Claims:   A Deskbook for Practitioners</u> App. I (1998).

a. <u>Trial on the Papers</u>.   Under this procedure, parties submit documents for the court to consider as evidence and, unlike cross motions for summary judgment, the court is permitted to draw appropriate inferences from the facts.   <u>See</u>, Morton Denlow, "Trial on the Papers," *The Federal Lawyer* (August 1999) p. 30-34.

b. <u>Direct Testimony Submitted in Written Form</u>.   Under this procedure, parties submit a witness's affirmative testimony in writing in advance.   The witness is subject to cross-examination in open court.

11. <u>Notice of Appeal</u>.   Parties should note that, pursuant to Federal Rules of Appellate Procedure 4(a)(1)(B), a notice of appeal must be filed with this court no later than 60 days after the date of entry of the order or judgment appealed.   The entry date of an order, judgment, or any filing with the Clerk's Office is the date when it is electronically entered into the docket and may not correspond with the filing date.

        s/ Edward J. Damich
       EDWARD J. DAMICH
       Judge